IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID W. TAYLOR,             )
                             )
        Petitioner,          )
                             )
   v.                        )   1:22CV460
                             )
WARDEN T. SCARANTINO,        )
                             )
        Respondent.          )

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, submitted an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 seeking to challenge decisions of the Bureau of Prisons regarding the calculation and execution of his sentence, and requesting a transfer to a halfway house. Where, as here, a petitioner attacks the execution and not the imposition of a sentence, his petition invokes § 2241. See Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (attacks on execution of sentence properly raised in § 2241 petition); Youngworth v. United States Parole Commission, 728 F. Supp. 384, 388 (W.D.N.C. 1990); see also United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies."). As explained by the Supreme Court:

> [T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's] confinement. [The defendant] is free to urge the Bureau to credit his time served in state court . . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241.

Setser v. United States, 566 U.S. 231, 244 (2012).

However, Petitioner did not use the proper forms for filing under § 2241, submit the $5 filing fee, or submit an application to proceed *in forma pauperis*. Further, in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See United States v. Miller, 871 F.2d 488, 489 90 (4th Cir. 1989) (noting that for a claim that "attacks the computation and execution of the sentence rather than the sentence itself, . . . . [j]udicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court"); Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). It appears that Petitioner is incarcerated in the Eastern District of North Carolina. Accordingly, Petitioner should seek the proper forms from the Clerk of that district and file any § 2241 petition there. The address for the Clerk is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal without prejudice to filing a new petition in the proper district.

2

Case 1:22-cv-00460-WO-JEP    Document 2    Filed 10/19/22    Page 2 of 3

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing on the proper forms, with the filing fee or an application to proceed *in forma pauperis*, and in the proper district.

This, the 19th day of October, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
